1  John W. Holcomb (Bar No. 172121)
   jholcomb@kmob.com
2  KNOBBE, MARTENS, OLSON & BEAR, LLP
   3403 Tenth Street, Suite 700
3  Riverside, CA 92501
   Telephone: 951-781-9231
4  Facsimile: 949-760-9502

5  Jeffrey H. Larson (Bar No. 259265)
   jeffrey.larson@kmob.com
6  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street, 14th Floor
7  Irvine, CA 92614
   Telephone: 949-760-0404
8  Facsimile: 949-760-9502

9  Attorneys for Plaintiff WECOSIGN, INC.

10           IN THE UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNA

12              SA CV 10 - 01200

13  WECOSIGN, INC., a California          ) Civil Action No.
        corporation,
14                                         )
                                           )
15          Plaintiff,                      )
                                           )
16      v.                                  ) **COMPLAINT FOR:**
                                           ) **FEDERAL TRADEMARK**
17  IFG HOLDINGS, INC., a Nevada          )    **INFRINGEMENT;**
        corporation d/b/a IFG DIRECT,      ) **FALSE DESIGNATION OF**
18      LLC; INSCORE FUNDING               )    **ORIGIN;**
        GROUP; and WE COSIGN USA;          ) **FEDERAL CYBERSQUATTING;**
19  ASSOCIATED CONCENTS GROUP             ) **UNFAIR COMPETITION; and**
        LLC, an entity of unknown form      ) **FEDERAL CIVIL RICO**
20      and organization;                   )    **VIOLATIONS**
    MICHAEL ADAMS, an individual          )
21      a/k/a M. MICHAEL ADAMS;            )
        MARVIN MICHAEL ADAMS; M.           )
22      MICHAEL ADAMS, SR.; and            )
        MARVIN ADAMS;                       )
23  TED WILLIAMS, an individual a/k/a     )
        TERRY WHITE and TONY               )
24      WILLIAMS;                           )
    MARK AVILA, an individual;            )
25  STAN JONES an individual a/k/a        )
        SAM JONES;                          )
26  ROBERT MILLER an individual; and      )
    TARA WALKER, an individual;           )
27                                         )
            Defendants.                     )
28                                         )

Plaintiff WECOSIGN, INC. ("Plaintiff"), for its Complaint against Defendants IFG HOLDINGS, INC., a Nevada corporation d/b/a IFG DIRECT, LLC; INSCORE FUNDING GROUP; and WE COSIGN USA ("Defendant IFG"); ASSOCIATED CONCENTS GROUP LLC, an entity of unknown form and organization ("Defendant ACG"); MICHAEL ADAMS, an individual a/k/a M. MICHAEL ADAMS; MARVIN MICHAEL ADAMS; M. MICHAEL ADAMS, SR.; and MARVIN ADAMS ("Defendant Adams"); TED WILLIAMS, an individual a/k/a TERRY WHITE and TONY WILLIAMS ("Defendant Williams"); MARK AVILA, an individual ("Defendant Avila"); STAN JONES an individual a/k/a SAM JONES ("Defendant Jones"); ROBERT MILLER an individual ("Defendant Miller"); and TARA WALKER, an individual ("Defendant Walker") (collectively, "Defendants"), alleges as follows:

## I. JURISDICTION AND VENUE

1.      This is an action for (a) federal trademark infringement arising under 15 U.S.C. § 1114; (b) false designation of origin arising under 15 U.S.C. § 1125(a); (c) federal cybersquatting arising under 15 U.S.C. § 1125(d); (d) unfair competition arising under California Business & Professions Code §§ 17200 *et seq.*; (e) unfair competition arising under the common law of the State of California; and (f) federal civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") arising under 18 U.S.C. §§ 1962(c) & (d).

2.      This Court has subject matter jurisdiction over the claims arising under federal law pursuant to 15 U.S.C. § 1121, 18 U.S.C. § 1964(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a) & (b).

3.      This Court has subject matter jurisdiction over the claims of unfair competition arising under the statutory and common law of the State of California pursuant to 28 U.S.C. § 1338(b), because those claims are joined with

substantial and related claims under federal trademark law.  This Court also has subject matter jurisdiction over those unfair competition claims pursuant to 28 U.S.C. § 1367(a), because those claims form part of the same case or controversy under Article III of the United States Constitution for the aforementioned claims for which the Court has original subject matter jurisdiction.

4.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because Defendants have substantial contacts within California, including their participation in the acts and events occurring in this Judicial District described herein, and because Plaintiff's claims arose in this Judicial District.  Venue is also proper in this Judicial District pursuant to 18 U.S.C. § 1965(a) because Defendants reside, are found, or transact their affairs in this Judicial District.

## II.  THE PARTIES

5.     Plaintiff WECOSIGN, INC. is a California corporation with its principal place of business at 3400 West MacArthur Boulevard, Suite I, Santa Ana, California 92704.   Plaintiff is the owner of the service mark WECOSIGN®.

6.     Plaintiff is informed and believes, and thereupon alleges, that Defendant IFG HOLDINGS, INC. is a Nevada corporation with its principal place of business at 1800 Century Park East, 6th Floor, Los Angeles, California 90067 (the "Century City Offices").  Plaintiff is also informed and believes, and thereupon alleges, that Defendant IFG is doing business or has done business in this Judicial District as IFG DIRECT, LLC; INSCORE FUNDING GROUP; and WE COSIGN USA.  Plaintiff is also informed and believes, and thereupon alleges, that Defendant IFG also purports to have business offices at 230 Park Avenue, 26th Floor, New York, New York 10169, and at 11601 Wilshire
/ / /

1  Boulevard, Los Angeles, California 90025, and that IFG has an additional
2  mailing address at P.O. Box 274, Woodland Hills, California 91365.

3       7.   Plaintiff is informed and believes, and thereupon alleges, that
4  Defendant ASSOCIATED CONCENTS GROUP LLC, an entity of unknown
5  form and organized under the laws of an unknown jurisdiction, is engaged in
6  commercial activity in this Judicial District and that Defendant ACG has a
7  mailing address at P.O. Box 12267, La Jolla, California 92039.

8       8.   Plaintiff is informed and believes, and thereupon alleges, that
9  Defendant MICHAEL ADAMS is an individual residing in La Jolla, California
10 who is also known as M. MICHAEL ADAMS; MARVIN MICHAEL ADAMS;
11 M. MICHAEL ADAMS, SR.; and MARVIN ADAMS.   Plaintiff is also
12 informed and believes, and thereupon alleges, that Defendant Adams purports to
13 be the Chief Executive Officer and President of WE COSIGN USA.  Plaintiff is
14 also informed and believes, and thereupon alleges, that Defendant Adams is a
15 co-lessee of the Century City Offices and that he uses the Century City Offices
16 as his business address.  Plaintiff is also informed and believes, and thereupon
17 alleges, that Defendant Adams is a Director of Defendant IFG.

18      9.   Plaintiff is informed and believes, and thereupon alleges, that
19 Defendant TED WILLIAMS is an individual residing in California who is also
20 known as TERRY WHITE and TONY WILLIAMS.  Plaintiff is also informed
21 and believes, and thereupon alleges, that Defendant Williams purports to be the
22 Chief Executive Officer and President of WE COSIGN USA.  Plaintiff is also
23 informed and believes, and thereupon alleges, that Defendant Williams is a co-
24 lessee of the Century City Offices and that he uses the Century City Offices as
25 his business address.

26      10.  Plaintiff is informed and believes, and thereupon alleges, that
27 Defendant MARK AVILA is an individual residing in California.  Plaintiff is
28 / / /

also informed and believes, and thereupon alleges, that Defendant Avila purports to be the Vice President and Finance Director of WE COSIGN USA.

11.     Plaintiff is informed and believes, and thereupon alleges, that Defendant STAN JONES is an individual residing in Nevada who is also known as SAM JONES. Plaintiff is also informed and believes, and thereupon alleges, that Defendant Jones is the Secretary of Defendant IFG.

12.     Plaintiff is informed and believes, and thereupon alleges, that Defendant ROBERT MILLER is an individual residing in Nevada. Plaintiff is also informed and believes, and thereupon alleges, that Defendant Miller is the President of Defendant IFG.

13.     Plaintiff is informed and believes, and thereupon alleges, that Defendant TARA WALKER is an individual residing in Nevada. Plaintiff is also informed and believes, and thereupon alleges, that Defendant Walker is the Treasurer of Defendant IFG.

14.     Plaintiff is informed and believes, and thereupon alleges, that Defendant IFG, Defendant ACG, Defendant Adams, Defendant Williams, Defendant Avila, Defendant Jones, Defendant Miller, and Defendant Walker, through their officers, directors, agents, servants, employees, attorneys, partners, joint venturers, or other persons affiliated or acting in concert with them, have engaged in the acts described herein ("Defendants' Acts" or the "Acts"), either jointly or severally and possibly with other individuals and entities not yet known to Plaintiff. Defendants are subject to the general and specific jurisdiction of this Court by virtue of Defendants' substantial contacts with California, including Defendants' participation in the acts and events occurring in this Judicial District described herein.

/ / /

/ / /

/ / /

### III.  ALLEGATIONS FOR ALL CLAIMS FOR RELIEF

**A.    Plaintiff's Service Mark**

15.    Since at least as early as 2005, several years prior to Defendants' Acts, Plaintiff (or its predecessor in interest) has continuously and extensively advertised, offered, and rendered financial services under the mark WECOSIGN, and it has used the WECOSIGN mark to identify its services and to distinguish such services from those offered and rendered by others. Plaintiff has offered and rendered its services under the mark WECOSIGN across the United States, including in this Judicial District, and it provides information about its services under the WECOSIGN mark as well as an online application to engage such services at its website, which is located at the domain names <wecosign.com>, <wecosign.biz>, <wecosign.org>, and <wecosign.info>, among others.

16.    Plaintiff is the owner of U.S. Registration No. 3,677,202 for the mark WECOSIGN for "[f]inancial guaranty and surety services for renters" (the "'202 Registration"). The '202 Registration is based upon U.S. Application Serial No. 77/328,170 (the "'170 Application"), which was filed on or about November 13, 2007.  Pursuant to 15 U.S.C. § 1057(c), the filing of the '170 Application constituted constructive use of the WECOSIGN mark and conferred a nationwide right of priority against all subsequent users of the mark for financial guaranty and surety services for renters as of November 13, 2007, which is the filing date of the '170 Application.

17.    The '202 Registration is valid and subsisting, and, pursuant to 15 U.S.C. § 1057(b), it constitutes *prima facie* evidence of the validity of the WECOSIGN mark, of the registration of the WECOSIGN mark, of Plaintiff's ownership of the WECOSIGN mark, and of Plaintiff's exclusive right to use the WECOSIGN mark in commerce on or in connection with financial guaranty and surety services for renters.  Furthermore, pursuant to 15 U.S.C. § 1072, the '202

1    Registration constitutes constructive notice of Plaintiff's claim of ownership of
2    the WECOSIGN mark.  A true and correct copy of the certificate of registration
3    of U.S. Registration No. 3,677,202 is attached hereto as Exhibit A.

4         18.    Through Plaintiff's extensive and long-standing use of the
5    WECOSIGN mark, as shown in the '202 Registration (the "WECOSIGN®
6    Mark"), the WECOSIGN® Mark has acquired great value as an identifier of
7    Plaintiff's services, and it serves to distinguish Plaintiff's services.  By virtue of
8    Plaintiff's extensive use of the WECOSIGN® Mark in commerce across
9    California and the United States, Plaintiff has developed strong common law
10   rights to the WECOSIGN® Mark.    As a result of Plaintiff's efforts, the
11   WECOSIGN® Mark is an asset of incalculable value as a symbol of Plaintiff
12   and its quality services and goodwill.

13   **B.    Defendants' Infringement of the WECOSIGN® Mark, Cyberpiracy,**
14        **Wire Fraud, and Trafficking in Counterfeit Services**

15        19.    Plaintiff is informed and believes, and thereupon alleges, that prior
16   to July 21, 2010, Defendants arranged for virtual office services at 1800 Century
17   Park East, 6th Floor, Los Angeles, California 90067; 230 Park Avenue, 26th
18   Floor, New York, New York 10169; and 11601 Wilshire Boulevard, Los
19   Angeles, California 90025, possibly among other locations.  Plaintiff is also
20   informed and believes, and thereupon alleges, that prior to July 21, 2010,
21   Defendants arranged for the use of post office boxes in Woodland Hills,
22   California, and in La Jolla, California.

23        20.    Plaintiff is informed and believes, and thereupon alleges, that on or
24   about June 20, 2010, Defendants registered the domain name
25   <inscorefunding.com> (the "Inscore Funding Domain"), listing "Inscore
26   Funding Group LLC" as the domain name registrant and Defendant Williams as
27   the administrative and technical contact.  Plaintiff is also informed and believes,
28   and thereupon alleges, that Defendants knowingly provided materially false

contact information to the domain name registrar when registering the Inscore Funding Domain.

21.     Plaintiff is informed and believes, and thereupon alleges, that subsequent to the registration of the Inscore Funding Domain and at least as early as July 21, 2010, Defendants began to operate a commercial website advertising and soliciting their financial services under the mark WE CO-SING at the Inscore Funding Domain.

22.     Plaintiff is informed and believes, and thereupon alleges, that on or about June 27, 2010, Defendants registered the domain <ifgexec.com> (the "IFG Exec Domain"), listing "Inscore Funding Group LLC" as the domain registrant and Defendant Williams as the administrative and technical contact. Plaintiff is also informed and believes, and thereupon alleges, that Defendants knowingly provided materially false contact information to the domain name registrar when registering the IFG Exec Domain.

23.     Plaintiff is informed and believes, and thereupon alleges, that subsequent to the registration of the IFG Exec Domain and at least as early as July 21, 2010, Defendants began to operate a commercial website advertising and soliciting their financial services under the mark WE CO-SING at the IFG Exec Domain.

24.     Plaintiff is informed and believes, and thereupon alleges, that on or about July 4, 2010, Defendants registered the domain name <wecosignusa.com> (the "WecosignUSA Domain"), listing "Associated Concents Group LLC" as the domain registrant and Defendant Adams as the administrative and technical contact. Plaintiff is also informed and believes, and thereupon alleges, that Defendants knowingly provided materially false contact information to the domain name registrar when registering the WecosignUSA Domain.

25.     Plaintiff is informed and believes, and thereupon alleges, that subsequent to the registration of the WecosignUSA Domain and at least as early

-7-

as July 21, 2010, Defendants began to operate an active, commercial website at the WecosignUSA Domain (hereinafter the "WecosignUSA Website"), advertising and soliciting their financial services under the mark WE COSIGN USA.

26.     Plaintiff is informed and believes, and thereupon alleges, that on or about July 25, 2010, Defendant ACG, through its agents, registered the domain name <cosignusa.com> (the "CosignUSA Domain"), listing "Associated Concents Group LLC" as the domain registrant and Defendant Adams as the administrative and technical contact. Plaintiff is also informed and believes, and thereupon alleges, that Defendants knowingly provided materially false contact information to the domain name registrar when registering the CosignUSA Domain.

27.     Plaintiff is informed and believes, and thereupon alleges, that subsequent to the registration of the CosignUSA Domain, Defendants began to divert traffic from the CosignUSA Domain to the WecosignUSA Domain.

28.     Plaintiff is informed and believes, and thereupon alleges, that beginning in June or July, 2010, Defendants engaged in the advertising and solicitation of their financial services on the Internet and under various marks confusingly similar to the WECOSIGN® Mark, including on or about July 6, 2010 on the website <Corkin.com>; on or about July 14, 2010, July 17, 2010, and July 24, 2010 at the website <Twitter.com,>; on or about July 8, 2010, July 20, 2010, July 21, 2010, and July 23, 2010 at the website <Craigslist.org>; on or about July 7, 2010 and July 21, 2010 on the website <ListOwn.com>; at least as early as July 26, 2010 on the website <Daype.com>; and at least as early as August 5, 2010 on the website <AdsInUSA.com>, in which Defendants directed consumers and potential consumers to the WecosignUSA Website and/or to contact Defendants directly to engage Defendants' services.

/ / /

29.     Plaintiff is informed and believes, and thereupon alleges, that in or about July, 2010, Defendants registered the username @WECOSIGNUSA on <Twitter.com> and that Defendants have used this <Twitter.com> feed to post advertisements for and solicitations of their financial services offered under the mark WECOSIGNUSA, directing consumers and potential consumers to contact Defendants or visit the WecosignUSA Website.

30.     Plaintiff is informed and believes, and thereupon alleges, that Defendants have advertised and offered financial services under marks confusingly similar to the WECOSIGN® Mark, without permission or authorization of Plaintiff.

31.     Plaintiff is informed and believes, and thereupon alleges, that Defendants' unauthorized use of marks confusingly similar to the WECOSIGN® Mark is designed to cause confusion, mistake, or deception.

32.     Defendants' acts complained of herein were undertaken without permission or authority from Plaintiff, and they infringe Plaintiff's WECOSIGN® Mark in interstate commerce by using, promoting, advertising, selling, offering to sell, and rendering financial services under marks confusingly similar to Plaintiff's WECOSIGN® Mark.

33.     Plaintiff is informed and believes, and thereupon alleges, that Defendants are using marks confusingly similar to the WECOSIGN® Mark in an attempt to associate themselves with Plaintiff or otherwise to trade upon Plaintiff's reputation.

34.     Plaintiff is informed and believes, and thereupon alleges, that it is Defendants' purpose to cause consumers and potential consumers to believe that Defendants' financial services are associated with Plaintiff or its services when, in fact, they are not.

35.     Plaintiff is informed and believes, and thereupon alleges, that Defendants' Acts were undertaken with the intent to trade upon the goodwill

and substantial customer recognition associated with the WECOSIGN Mark. Therefore, and by virtue of the acts complained of herein, Defendants have created a likelihood of injury to Plaintiff's business reputation, caused a strong likelihood of customer confusion regarding the source of origin or relationship of Plaintiff's and Defendants' services, and have unfairly competed with Plaintiff.

36.    Defendants have infringed Plaintiff's WECOSIGN® Mark in interstate commerce by various Acts, including the unauthorized use of marks confusingly similar to the WECOSIGN® Mark in connection with the advertising and offering of financial services in commerce and the trafficking in counterfeit services under a spurious mark identical to or substantially indistinguishable from the WECOSIGN® Mark.

37.    The WecosignUSA Domain incorporates the WECOSIGN® Mark in its entirety along with a generic geographic term. Plaintiff is informed and believes, and thereupon alleges, that Defendants' registration of the WecosignUSA Domain was done in bad faith with the intention to profit from Plaintiff's WECOSIGN® Mark. Defendants have committed cyberpiracy by registering, in bad faith, the domain <wecosignusa.com> without Plaintiff's authorization.

38.    By virtue of Plaintiff's federal service mark registration for the WECOSIGN® Mark, Defendants were on constructive notice of Plaintiff's claim of ownership of the WECOSIGN® Mark when Defendants adopted and began using the infringing marks as described herein.

39.    Furthermore, by virtue of the strength of Plaintiff's WECOSIGN® Mark and the fame associated with the WECOSIGN® Mark, Plaintiff believes that Defendants had actual knowledge of Plaintiff's prior use of and rights in the WECOSIGN® Mark, but Defendants nevertheless adopted, used, and are now using, a mark confusingly similar to the WECOSIGN® Mark with the intention

to cause confusion and mistake and to deceive customers and with the intention to trade upon the goodwill and substantial customer recognition associated with Plaintiff's WECOSIGN® Mark.

40.   Plaintiff is informed and believes, and thereupon alleges, that Defendants' acts complained of herein are willful and deliberate.

41.   Plaintiff is informed and believes, and thereupon alleges, that although individual Defendants may purport to operate by, through, or on behalf of business organizations, that such organizations are specious and used merely to cover personal or joint ends, rather than corporate ends, that Defendants share a unity of interest and ownership such that the separate personalities of any involved corporations and individuals do not exist, and that if the acts are treated as those of the involved corporations or business organizations alone, an inequitable result will follow.

42.   Defendants' acts complained of herein have caused damage to Plaintiff in an amount to be determined at trial, and such damages will continue to increase unless Defendants are enjoined from their wrongful actions.

43.   Plaintiff is informed and believes, and thereupon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from the Acts complained of herein in an amount that is not presently known to Plaintiff.  By reason of the Acts, Plaintiff has been damaged, and it is entitled to monetary relief in an amount to be determined at trial.

44.   Defendants' acts complained of herein have caused damage and irreparable injury to Plaintiff, and said acts will result in further damage and irreparable injury if Defendants are not restrained by this Court from further violations of Plaintiff's rights for which Plaintiff has no adequate remedy at law.

/ / /

/ / /

-11-

## IV.  <u>FIRST CLAIM FOR RELIEF FOR FEDERAL TRADEMARK INFINGEMENT</u>

### (against all Defendants)

45.   The allegations of Paragraphs 1-44, above, are repeated and alleged as fully as though set forth herein.

46.   This is a claim for federal trademark infringement arising under 15 U.S.C. § 1114.

47.   Plaintiff is informed and believes, and thereupon alleges, that Defendants' use of a mark confusingly similar to the mark shown in Plaintiff's U.S. Registration No. 3,677,202 in connection with the advertising, offering, and rendering of financial services, in particular financial guaranty services, is likely to cause confusion, to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114.   Accordingly, such use infringes Plaintiff's U.S. Registration No. 3,677,202.

48.   Plaintiff is informed and believes, and thereupon alleges, that Defendants' use of a mark confusingly similar to the mark shown in Plaintiff's U.S. Registration No. 3,677,202 in connection with the advertising, offering, and rendering of financial services is willful and undertaken with knowledge of Plaintiff's rights in the mark shown in U.S. Registration No. 3,677,202.

49.   Defendants' aforesaid infringement of Plaintiff's U.S. Registration No. 3,677,202 has damaged Plaintiff in an amount to be determined at trial. Further, by these actions, Defendants have irreparably injured Plaintiff, and such injury will continue unless enjoined by the Court.

## V.  <u>SECOND CLAIM FOR RELIEF FOR FEDERAL FALSE DESIGNATION OF ORIGIN</u>

### (against all Defendants)

50.   The allegations of Paragraphs 1-49, above, are repeated and alleged as fully as though set forth herein.

51.     This is a claim for federal false designation of origin arising under 15 U.S.C. § 1125(a).

52.     Plaintiff is the owner of the federally-registered WECOSIGN® Mark listed above.  Plaintiff has established strong rights to the WECOSIGN® Mark through extensive and continuous use in commerce since well prior to Defendants' Acts.

53.     Plaintiff is informed and believes, and thereupon alleges, that Defendants have, without Plaintiff's permission or authorization, used marks confusingly similar to the WECOSIGN® Mark in commerce in connection with the advertising, offering, and rendering of financial services.  Such use is likely to cause confusion, to cause mistake, or to deceive regarding the origin, sponsorship, or approval of Defendants' services or commercial activities by Plaintiff in violation 15 U.S.C. § 1125(a).

54.     Plaintiff is informed and believes, and thereupon alleges, that Defendants' use of marks confusingly similar to the WECOSIGN® Mark in connection with the advertising, offering, and rendering of financial services is willful and undertaken with knowledge of Plaintiff's rights in the WECOSIGN® Mark.

55.     Plaintiff believes that Defendants' Acts have caused and continue to cause significant damage and injury to Plaintiff, to its WECOSIGN® Mark, and to the goodwill associated with Plaintiff's WECOSIGN® Mark and financial services and that Defendants' Acts have damaged Plaintiff in an amount to be determined at trial.  Further, by these actions, Defendants have irreparably injured Plaintiff and have irreparably injured the consumer recognition and customer goodwill associated with Plaintiff's WECOSIGN® Mark, and such injury will continue unless enjoined by this Court.

/ / /

/ / /

## VI. <u>THIRD CLAIM FOR RELIEF FOR FEDERAL CYBERPIRACY</u>

### (against all Defendants)

56.     The allegations of Paragraphs 1-55, above, are repeated and alleged as fully as though set forth herein.

57.     This is a claim for federal cyberpiracy arising under 15 U.S.C. § 1125(d)(1)(A).

58.     In violation of 15 U.S.C. § 1125(d)(1)(A), Defendants have deliberately and willfully registered and used as a domain name Plaintiff's WECOSIGN® Mark in its entirety along with a generic geographic designation, and Defendants have caused irreparable damage to Plaintiff's reputation and goodwill.   Such injury will continue unless Defendants are enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

59.     Defendants' registration and use of the domain <wecosignusa.com> was done with constructive or actual knowledge of Plaintiff's rights to the WECOSIGN® Mark and its ownership of U.S. Registration No. 3,677,202.

60.     Defendants' registration and use of the domain <wecosignusa.com> was done in bad faith and with an intention to profit from Plaintiff's WECOSIGN® Mark.   Accordingly, in addition to being an act of infringement of Plaintiff's WECOSIGN® Mark, Defendants' registration of the domain <wecosignusa.com> constitutes cyberpiracy under 15 U.S.C. § 1125(d)(1)(A).

61.     Defendants' registration and use of the domain <wecosignusa.com> have caused and continue to cause significant damage and injury to Plaintiff, to its WECOSIGN® Mark, and to the goodwill associated with Plaintiff's WECOSIGN® Mark and financial services in an amount to be determined at trial.   Further, by Defendants' registration and use of the domain

-14-

<wecosignusa.com>, Defendants have irreparably injured Plaintiff and have irreparably injured the consumer recognition and customer goodwill associated with Plaintiff's WECOSIGN® Mark, and such injury will continue unless enjoined by this Court.

## VII.  FOURTH CLAIM FOR RELIEF FOR CALIFORNIA STATUTORY UNFAIR COMPETITION

### (against all Defendants)

62.    The allegations of Paragraphs 1-61, above, are repeated and alleged as fully as though set forth herein.

63.    This is a claim for unfair competition arising under Cal. Bus. & Prof. Code §§ 17200, *et seq.*

64.    By virtue of the acts complained of herein, Defendants have intentionally caused a likelihood of confusion among the public and have unfairly competed in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

65.    Defendants' aforementioned acts constitute unlawful, unfair, malicious, or fraudulent business practices, which have injured and damaged Plaintiff.

66.    By their actions, Defendants have irreparably injured Plaintiff. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## VIII.  FIFTH CLAIM FOR RELIF FOR CALIFORNIA COMMON LAW UNFAIR COMPETITION

### (against all Defendants)

67.    The allegations of Paragraphs 1-66, above, are repeated and alleged as fully as though set forth herein.

68.    This is a claim for common law unfair competition arising under the common law of the State of California.

69.     By virtue of the acts complained of herein, Defendants have intentionally caused a likelihood of confusion among the public and have unfairly competed in violation of the common law of the State of California.

70.     Defendants' willful acts of unfair competition have caused damage and irreparable injury to Plaintiff in an amount to be determined at trial.

71.     Defendants' willful acts of unfair competition under California common law constitute fraud, oppression, and malice.  Accordingly, Plaintiff is entitled to exemplary damages pursuant to Cal. Civ. Code § 3294(a).

## IX.  <u>SIXTH CLAIM FOR RELIEF FOR FEDERAL RACKETEERING ACTIVITY</u>

### (against all Defendants)

72.     The allegations of Paragraphs 1-71, above, are repeated and alleged as fully as though set forth herein.

73.     This is a claim for Federal racketeering activity arising under 18 U.S.C. § 1962(c).

## A.     <u>The Enterprise</u>

74.     Plaintiff is informed and believes, and thereupon alleges, that Defendants are members of, and operate as, an associated-in-fact enterprise (the "Enterprise"), sharing a common purpose and engaged in a scheme, specifically intending to defraud others through the trafficking and/or attempted trafficking in services bearing counterfeit marks used in such a way as to be likely to cause confusion, to cause mistake, or to deceive (the "Purpose"), and using the interstate wires in furtherance of this scheme.  Plaintiff is informed and believes, and thereupon alleges, that the Enterprise shares organizational continuity in structure and membership and functions as a continuing unit, but that it is separate and distinct from Defendants in their individual capacities.

/ / /

/ / /

-16-

**B.**     **Pattern of Racketeering Activity**

75.     Plaintiff is informed and believes, and thereupon alleges, that Defendants are employed by and/or associated with the Enterprise and that Defendants have conducted or participated, directly or indirectly, in the conduct of the Enterprise's affairs through a pattern of racketeering activity (the "Pattern"). Plaintiff is informed and believes, and thereupon alleges, that the Pattern consists at least in part of the acts and events described herein, which share a similar purpose, results, participants, and/or methods of commission or are otherwise related, and which pose a threat of continued criminal activity.

76.     Plaintiff is informed and believes, and thereupon alleges, that the Enterprise is separate and apart from the Pattern. Plaintiff is informed and believes, and thereupon alleges, that Defendants play a part in directing the affairs of the Enterprise, the activities of which affect interstate commerce and cause harm to others in addition to Plaintiff.

    **1.**     **Wire Fraud (18 U.S.C. § 1343)**

77.     Plaintiff is informed and believes, and thereupon alleges, that Defendants devised a scheme or artifice to defraud or to obtain money or property from others by means of false or fraudulent pretenses, representations, and/or promises. In particular, Plaintiff is informed and believes, and thereupon alleges, that Defendants devised a scheme or artifice to solicit payment from others for counterfeit services through Defendants' infringing use of a counterfeit mark, which created confusion or mistake or deceived others regarding the source or origin of Defendants' purported services.

78.     Plaintiff is informed and believes, and thereupon alleges, that Defendants, by virtue of the acts described herein, among others, transmitted or caused to be transmitted writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice by means of wire, including by transmission over the Internet.

79.    Plaintiff is informed and believes, and thereupon alleges, that Defendants' acts described herein are in violation of 18 U.S.C. § 1343, that such acts constitute acts of racketeering activity under 18 U.S.C. § 1961, and that such acts, along with the other acts and events herein constitute a part of the Pattern.

**2.    Trafficking in counterfeit services (18 U.S.C. § 2320)**

80.    Plaintiff is informed and believes, and thereupon alleges, that Defendants have intentionally trafficked or attempted to traffic in financial services under spurious, counterfeit marks in commerce, which Defendants knew were counterfeit, as discussed herein.  Plaintiff is informed and believes, and thereupon alleges, that Defendants' knowing use of counterfeit marks in the intentional trafficking and/or attempted trafficking in counterfeit services was likely to cause confusion, to cause mistake, or to deceive others regarding the source or origin of Defendants' purported services.

81.    Plaintiff is informed and believes, and thereupon alleges, that Defendants' acts described herein are in violation of 18 U.S.C. § 2320, that such acts constitute acts of racketeering activity under 18 U.S.C. § 1961, and that such acts, along with the other acts and events herein constitute a part of the Pattern.

82.    Plaintiff is informed and believes, and thereupon alleges, that this Pattern and these acts of Defendants have adversely affected an interstate enterprise and this adverse impact proximately caused injury to Plaintiff's business by tarnishing Plaintiff's Federal service mark, by associating Plaintiff with fraudulent and/or illegal activity, by diverting customers from Plaintiff's genuine services, and by harming Plaintiff's valuable goodwill, among others.

/ / /

/ / /

/ / /

## X. SEVENTH CLAIM FOR RELIEF FOR CONSPIRACY TO COMMIT FEDERAL RACKETEERING ACTIVITY

### (against all Defendants)

83.     The allegations of Paragraphs 1-82, above, are repeated and alleged as fully as though set forth herein.

84.     This is a claim for conspiracy to commit Federal racketeering activity arising under 18 U.S.C. § 1962(d).

85.     Plaintiff is informed and believes, and thereupon alleges, that Defendants, who are employed by and/or associated with the Enterprise, have conspired and agreed with each other to conduct or to participate in, directly or indirectly, the conduct of the Enterprise's affairs through the Pattern of racketeering activity described herein (the "Conspiracy").

86.     Plaintiff is informed and believes, and thereupon alleges, that Defendants have committed several overt acts in the furtherance of the Conspiracy, including the acts discussed herein.

87.     Plaintiff is informed and believes, and thereupon alleges, that this Conspiracy has adversely affected an interstate enterprise and this adverse impact proximately caused injury to Plaintiff's business by tarnishing Plaintiff's Federal service mark, by associating Plaintiff with fraudulent and/or illegal activity, by diverting customers from Plaintiff's genuine services, and by harming Plaintiff's valuable goodwill, among others.

### XI. DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

A.     That the Court enter judgment in favor of Plaintiff and against Defendants on all claims for relief alleged herein;

/ / /

/ / /

-19-

B.     That the Court enter judgment that Defendants have willfully violated the provisions of 15 U.S.C. § 1114 by infringing Plaintiff's trademark rights in the federally-registered WECOSIGN® Mark;

C.     That the Court enter judgment that Defendants have willfully violated the provisions of 15 U.S.C. § 1125(a) by using other words, terms, names, symbols, or devices, or combinations thereof, or false designation or origin, false description, or false representation that is likely to cause confusion, to cause mistake, or to deceive regarding the origin, sponsorship, or approval of Defendants' services;

D.     That Defendants be adjudged to have unfairly competed with Plaintiff under Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

E.     That Defendants be adjudged to have unfairly competed with Plaintiff under the common law of the State of California;

F.     That Defendants' registration and use of the domain <wecosignusa.com> be adjudged a willful violation of 15 U.S.C. § 1125(d)(1)(A) as done in bad faith to profit from Plaintiff's WECOSIGN® Mark;

G.     That Defendants be adjudged to have participated in a pattern of racketeering activity in violation of 18 U.S.C. § 1962(C);

H.     That Defendants, and any agents, servants, directors, employees, attorneys, successors, assigns, and officers and all those persons in active concert or participation with any of them who receive actual notice of this Court's order, judgment, or decree, be forthwith preliminarily and permanently enjoyed from each of the following:

i.     using Plaintiff's WECOSIGN® Mark or any mark confusingly similar thereto to promote, offer, render, advertise, or identify any financial services or related goods or services in such a way that would be likely to cause confusion, to cause mistake, or to deceive, or

otherwise to create the impression that Defendants' goods or services originate from Plaintiff, are endorsed by Plaintiff, or are connected in any way with Plaintiff;

      ii.    otherwise infringing Plaintiff's WECOSIGN® Mark;

      iii.   registering any domain name or names identical or confusingly similar to the WECOSIGN® Mark;

      iv.   falsely designating the origin of Defendants' services;

      v.    using in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is likely to cause confusion, to cause mistake, or to deceive regarding the origin, sponsorship, or approval of Defendants' services or falsely to imply a connection or affiliation with Plaintiff or Plaintiff's WECOSIGN® services;

      vi.   unfairly competing with Plaintiff in any manner whatsoever;

      vii.   causing a likelihood of confusion or injuring Plaintiff's business reputation; and

      viii.  associating together to offer financial guaranty services or to engage in the same type of endeavor as the Enterprise has engaged in.

I.    That Defendants be required to deliver up for destruction all literature, advertising, and any other material bearing or embodying any infringing mark;

J.    That the Court order the dissolution of all business entities that form part of the Enterprise;

K.    That Defendants transfer the domain <wecosignusa.com> to Plaintiff, along with any other domains registered by or on behalf of Defendants that contain the wording WECOSIGN or any wording confusingly similar thereto;

L.     That Defendants be required to file with the Court and to serve on Plaintiff within 30 days after service of the Court's order, judgment, or decree as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Court's order, judgment, or decree;

M.     That Defendants be required to account to Plaintiff for any and all profits derived by Defendants and for all damages sustained by Plaintiff by reason of Defendants' Acts complained of herein;

N.     That the Court order the cancellation of the domain name <ifgexec.com>;

O.     That the Court order the cancellation of the domain <inscorefunding.com>;

P.     That Defendants be ordered to pay over to Plaintiff all damages that Plaintiff sustained as a consequence of the acts complained of herein, subject to proof at trial, and that Plaintiff be awarded Defendants' profits derived by reason of said acts, all as determined by said accounting;

Q.     That, pursuant to 15 U.S.C. § 1117(d), Defendants be ordered to pay over to Plaintiff statutory damages for Defendants' violation of 15 U.S.C. § 1125(d)(1);

R.     That, pursuant to 18 U.S.C. § 1964(c), Defendants be ordered to pay over to Plaintiff treble damages for Defendants' violation of 18 U.S.C. § 1964(c);

S.     That the corporate personality or limited liability of any of Defendants, or any organization associated with Defendants, be pierced to satisfy the damages awarded by the Court;

T.     That Defendants' acts complained of herein be deemed willful, that this be deemed an exceptional case pursuant to 15 U.S.C. § 1117, and that Plaintiff be entitled to treble damages pursuant to 15 U.S.C. § 1117;

1        U.     That Plaintiff be awarded its costs, attorneys' fees, and expenses in

2 this case pursuant to 15 U.S.C. § 1117 and 18 U.S.C. § 1964(c);

3        V.     That Plaintiff recover exemplary damages; and

4        W.     That this Court order, adjudge, and decree such other and further

5 relief that it may deem just and proper.

6                              KNOBBE, MARTENS, OLSON & BEAR, LLP

7

8 Dated: _August 9, 2010_      By: _____

9                                   John W. Holcomb
                                  Jeffrey H. Larson
10                                   Attorneys for Plaintiff WECOSIGN, INC.

9482644_1
080910

-23-

# EXHIBIT A

Int. Cl.: 36

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Amended

Reg. No. 3,677,202

Registered Sep. 1, 2009

OG Date Dec. 22, 2009

**SERVICE MARK**
**PRINCIPAL REGISTER**

# WeCosign

WECOSIGN, INC. (CALIFORNIA COR-
PORATION)
3400 WEST MACARTHUR BLVD., SUITE
I
SANTA ANA, CA 92704
 THE MARK CONSISTS OF STAN-
DARD CHARACTERS WITHOUT CLAIM
TO ANY PARTICULAR FONT, STYLE,
SIZE, OR COLOR.

FOR: FINANCIAL GUARANTY AND
SURETY SERVICES FOR RENTERS, IN
CLASS 36 (U.S. CLS. 100, 101 AND 102).

 FIRST USE 7-21-2005; IN COMMERCE
7-21-2005.

 SER. NO. 77-328,170, FILED 11-13-2007.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on Dec. 22, 2009.*

EXHIBIT A  PAGE 1 OF 1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

### SACV10- 1200 JST (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

John W. Holcomb (Bar No. 172121)
jholcomb@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
3403 Tenth Street, Suite 700
Riverside, CA 92501
Telephone: 951-781-9231 / Facsimile 949-760-9502

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WECOSIGN, INC., a California Corporation, | CASE NUMBER |
| v. | **SA CV** **10 - 01200** JST (ML·Gx) |
| IFG HOLDINGS, INC., a Nevada corporation d/b/a IFG DIRECT, LLC; INSCORE FUNDING GROUP; and WE COSIGN USA; (See Attachment "A" for a list of all Defendants) | **SUMMONS** |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, __John W. Holcomb_____, whose address is __Knobbe, Martens, Olson & Bear, LLP, 3403 Tenth St., Suite 700, Riverside, CA 92501__.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

**TERRY NAFISI**

Clerk, U.S. District Court

Dated: __AUG - 9 2010__          By: ___L. Murra_____
                                        Deputy Clerk

                                    *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**ORIGINAL**

1  John W. Holcomb (Bar No. 172121)
    jholcomb@kmob.com
2  KNOBBE, MARTENS, OLSON & BEAR, LLP
    3403 Tenth Street, Suite 700
3  Riverside, CA 92501
    Telephone: 951-781-9231
4  Facsimile: 949-760-9502

5  Jeffrey H. Larson (Bar No. 259265)
    jeffrey.larson@kmob.com
6  KNOBBE, MARTENS, OLSON & BEAR, LLP
    2040 Main Street, 14th Floor
7  Irvine, CA 92614
    Telephone: 949-760-0404
8  Facsimile: 949-760-9502

9  Attorneys for Plaintiff WECOSIGN, INC.

10          IN THE UNITED STATES DISTRICT COURT

11         FOR THE CENTRAL DISTRICT OF CALIFORNA

12

| 13 | WECOSIGN, INC., a California corporation, | ) ) ) | Civil Action No. |
|----|----|----|----|
| 14 | | ) | |
| 15 | Plaintiff, | ) ) | |
| 16 | v. | ) ) | **COMPLAINT FOR:** |
| 17 | IFG HOLDINGS, INC., a Nevada corporation d/b/a IFG DIRECT, LLC; INSCORE FUNDING GROUP; and WE COSIGN USA; | ) ) ) ) | **FEDERAL TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN; FEDERAL CYBERSQUATTING; UNFAIR COMPETITION; and FEDERAL CIVIL RICO VIOLATIONS** |
| 18 | ASSOCIATED CONCENTS GROUP LLC, an entity of unknown form and organization; | ) ) ) | |
| 19 | MICHAEL ADAMS, an individual a/k/a M. MICHAEL ADAMS; MARVIN MICHAEL ADAMS; M. MICHAEL ADAMS, SR.; and MARVIN ADAMS; | ) ) ) ) | |
| 20–22 | TED WILLIAMS, an individual a/k/a TERRY WHITE and TONY WILLIAMS; | ) ) ) | |
| 23 | MARK AVILA, an individual; STAN JONES an individual a/k/a SAM JONES; | ) ) ) | |
| 24–25 | ROBERT MILLER an individual; and TARA WALKER, an individual; | ) ) ) | |
| 26 | | ) | |
| 27 | Defendants. | ) ) | |
| 28 | | ) | |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
WECOSIGN, INC., a California corporation

**DEFENDANTS**
IFG HOLDINGS, INC., a Nevada corporation d/b/a IFG DIRECT LLC; INSCORE FUNDING GROUP; and WE COSIGN USA, et al.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Knobbe, Martens, Olson & Bear, LLP
3403 Tenth Street, Suite 700, Riverside, CA 92501
Tel: (951) 781-9231  Fax: (949) 760-9502

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No     ☐ **MONEY DEMANDED IN COMPLAINT:** $ To be determined

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark Infringement 15 U.S.C. § 1114; False Designation of origin and Cybersquatting 15 U.S.C. § 1125; Civil Violation of RICO 18 U.S.C. § 1962

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV |  | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee |  | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions |  | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property |  |  | ☐ 871 IRS-Third Party 26 USC 7609 |
|  | ☐ 290 All Other Real Property |  |  |  |  |

**FOR OFFICE USE ONLY:**   Case Number:   SA CV 10 - 01200 JST (MLGx)

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)     CIVIL COVER SHEET

AUG - 9 20

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                        ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                        ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                        ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
    ☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
    ☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ted Williams and Mark Avila - Los Angeles | IFG Holdings, Inc.; Stan Jones; Robert Miller; and Tara Walker - Nevada<br>Associated Concepts Group LLC and Michael Adams - San Diego |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_     Date _August 9, 2010_

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |