NO JS-6

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNA

SOUTHERN DIVISION

| | |
|---|---|
| WECOSIGN, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>IFG HOLDINGS, INC., a Nevada corporation d/b/a IFG DIRECT, LLC; INSCORE FUNDING GROUP; and WE COSIGN USA; ASSOCIATED CONCENTS GROUP LLC, an entity of unknown form and organization; MICHAEL ADAMS, an individual a/k/a M. MICHAEL ADAMS; MARVIN MICHAEL ADAMS; M. MICHAEL ADAMS, SR.; and MARVIN ADAMS; TED WILLIAMS, an individual a/k/a TERRY WHITE and TONY WILLIAMS; MARK AVILA, an individual; STAN JONES an individual a/k/a SAM JONES; ROBERT MILLER an individual; and TARA WALKER, an individual;<br><br>　　　　Defendants. | Case No. 8:10-CV-1200 JST (MLGx)<br><br>**CONSENT JUDGMENT WITH RESPECT TO PLAINTIFF WECOSIGN, INC. AND DEFENDANT TARA WALKER**<br><br>Hon. Josephine Staton Tucker |

The above-captioned action having come before this Court upon the pleadings, and it being represented to the Court that Plaintiff WECOSIGN, INC. ("Plaintiff") and Defendant TARA WALKER, an individual, ("WALKER") have compromised and have agreed upon a basis for settling this action, including the entry of this Consent Judgment, it is hereby

**ORDERED, ADJUDGED, AND DECREED** as follows:

1. This Court has jurisdiction over Plaintiff and WALKER and the subject matter.

2. Venue is proper in this judicial district.

3. Judgment is hereby entered in favor of Plaintiff and against WALKER on each of the seven (7) claims for relief that Plaintiff asserted in its Complaint [Dkt. No. 1].

4. WALKER has infringed Plaintiff's rights in the WECOSIGN mark by using the WE COSIGN USA mark and other derivations thereof in connection with the offering for sale, sale, and/or rendering of financial services in commerce, and WALKER has engaged in acts of unfair competition against Plaintiff.

5. WALKER, and all those persons in active concert or participation with WALKER, are hereby enjoined and permanently restrained from each of the following activities:

    a. Using the mark WECOSIGN or any mark similar thereto or likely to cause confusion therewith, in the sale, offering for sale, advertising, promotion, marketing, or rendering of financial services;

    b. Using in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is likely to cause confusion, to cause mistake, or to deceive regarding the origin, sponsorship, or approval of

WALKER's services or falsely to imply a connection or affiliation with Plaintiff or Plaintiff's WECOSIGN services;

  c. Unfairly competing with Plaintiff;

  d. Registering any domain name comprising the mark WECOSIGN or any mark similar thereto or likely to cause confusion therewith;

  e. Making any false statement(s) about Plaintiff or its business practices;

  f. assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities described in Paragraphs 5(a), 5(b), 5(c), 5(d), or 5(e) above.

6. The use enjoined by this permanent injunction shall include, but shall not be limited to, the following:

  a. all packaging, labels, brochures, letterhead, promotional materials, and advertising materials, whether in print, for television or radio broadcast, or on the Internet, or for other distribution;

  b. all trade shows or other public displays of goods or services;

  c. all Internet usage, including domain names; and

  d. any applications to register or registrations with any government agency.

7. This is a final judgment. Plaintiff and WALKER each waive their respective rights to appeal this final judgment. Each party shall bear its or her own costs and attorneys' fees.

8. This Court retains jurisdiction over this Consent Judgment for the purpose of ensuring compliance with the terms hereof and of enabling Plaintiff or WALKER or either of them to apply to this Court at any time for further orders.

/ / /

1  9. In any action to enforce the provisions of this Consent Judgment,
2  the prevailing party shall be entitled, in addition to any other relief granted by
3  the Court, to its or her reasonable costs and attorneys' fees.
4  **IT IS SO ORDERED.**

7  Dated: September 22, 2011

_____
UNITED STATES DISTRICT JUDGE